AUGUST W. LINTON, Plaintiff and Respondent, *v.* MINNEPOLIS & NORTHERN ELEVATOR COMPANY, Defendant and Appellant.

**Principal and Agent—Authority of Agent—Instructions.**

Instruction to jury *held* misleading, under the evidence.

(Opinion Filed Nov. 18, 1891.)

*A PPEAL* from district court, Cass County; Hon. WILLIAM B. McCONNELL, Judge.

*Hall & Smith,* for appellant.     *M. A. Hildreth,* for respondent.

Action by August W. Linton against the Minneapolis & Northern Elevator Company to recover the price of certain wheat. Judgment for plaintiff. Defendant appeals. Reversed.

The opinion of the court was delivered by

CORLISS, C. J. The plaintiff has recovered the value of certain wheat on the theory that defendant converted the same to its own use. The plaintiff's original ownership of the wheat is undisputed. It was drawn to the defendant's elevator by a number of men who were employed by plaintiff to assist him in threshing. The defendant's agent having paid these men the price of the wheat, the defendant refused to pay the plaintiff therefor. Hence this litigation. The amount of wheat so drawn and delivered to defendant's elevator and the value thereof are not in controversy. The sole question is whether plaintiff authorized these men to

draw this wheat to the elevator, and pay themselves from the proceeds. There is a direct conflict in the evidence on this point. The verdict of the jury must be held to have settled this matter finally, unless the charge of the court submitted the case to them in such a manner that it is uncertain whether they have ever decided this issue of fact against the defendant. It seems that the plaintiff gave certain authority to one McLain. The utmost scope of that authority was that in Mr. Linton's absence McLain was put in charge of the business of threshing and hauling wheat. Mr. Linton says that McLain was attending to his (Linton's) place while he was away. It is apparent from this statement of McLain's authority that he was not empowered to revoke any authority previously granted to the men to draw wheat and pay themselves out of the proceeds. There is ample evidence that such authority was given them by Linton, although the fact is controverted by plaintiff. But the court in its charge did not leave merely this question of authority to the jury. The objectionable portion of the charge was as follows: " Of course, if you find that these men were authorized to go over there and sell it by Mr. Linton, and you find that McLain was put in possession, that is, put in as foreman, as the head agent of Mr. Linton, and went over and notified this company not to pay them, and it afterwards paid them, if that is in the evidence, the elevator company should not have paid on notice. That is to say, that, if they had notice that these men had no right to sell, of course it would be notice to them." The jury were thus told that although they found that the men were authorized to take and sell the wheat, and pay themselves out of the moneys received, yet if McLain notified the defendant not to pay them the defendant is liable. But such notice from McLain could not be a revocation of any previous authority given to the men by Linton to pay themselves out of the proceeds. McLain had no power to revoke such authority. So long as the authority continued, the defendant was fully protected in paying the men. The charge, therefore, was in this respect erroneous, and we cannot say that it was without prejudice. For ought we know, the jury may have found that the men had such authority to pay themselves out of the wheat

money, which would have constituted a perfect defense; and they may have based their verdict solely on the finding as a fact that notice had been given by McLain to the defendant's agent before the money was paid. There are circumstances in this case which incline us to the view that it was merely on this issue of notice that the jury based their verdict, and that they have never determined the issue of authority against the defendant. For this error the judgment of the district court is reversed, and a new trial ordered. All concur.